**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| LINDA S. RIPLEY, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) Civil Action No. 06-1705 (EGS) |
| v. | ) |
|  | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
|  | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Pending before the Court is plaintiff's motion to compel and for sanctions and defendants' motion to file a sur-reply.  This case involves a discovery dispute in plaintiff's action against the District of Columbia and individual defendants for violations of the Americans with Disabilities Act, 42 U.S.C. §§ 1211, *et seq.*, the Rehabilitation Act, 29 U.S.C. §§ 794, 794a, the District of Columbia Human Rights Act, D.C. Code § 2-1403.16, and the District of Columbia Whistleblower Protection Act, D.C. Code §§ 1-615.51 - 1-615.58.  Upon consideration of the motions, the responses and replies thereto, and the applicable law, the Court **GRANTS** plaintiff's motion to compel and for sanctions and **GRANTS** defendants' motion for leave to file a sur-reply.  Defendants are **ORDERED** to (1) supplement their discovery responses; (2) make available Brady Birdsong, Donna Whitman, and Kevin Bell for depositions at defendants' expense; and (3) provide competent witnesses pursuant to Rule 30(b)(6) for depositions to address

e-mail destruction and preservation at defendants' expense. Plaintiff is awarded attorney's fees associated with bringing the motion to compel and for sanctions.

**I.    BACKGROUND**

Plaintiff Linda Ripley has been employed as a social worker by the Department of Human Services Child & Family Services Division, which is now the Child & Family Services Agency ("CFSA"), since 1994.  Compl. ¶ 15.  Plaintiff was visually impaired when she was hired, and defendants were aware of her impairment.  *Id.* ¶¶ 11-12.  She was provided clerical support staff to assist her.  *Id.* ¶ 13.

When CFSA switched their e-mail to an internet based e-mail system in April 2005, the changes did not include a suitable accommodation that would permit Plaintiff to access the new system through screen-reading software.  She alleges that from April 2005 through the present, following her disclosures that she needed to be accommodated regarding the changes in CFSA's computer system, she was subjected to an increasingly hostile work environment.  *Id.* ¶¶ 15-23.

On August 8, 2005, plaintiff filed a formal grievance with CFSA management outlining issues she had with her supervisor, defendant Heather Stowe.  *Id.* ¶ 25.  Plaintiff claims that defendant Uma Ahluwalia, Stowe's supervisor, refused to investigate the issues she raised.  *Id.* ¶ 26.  After Ahluwalia

held a meeting with plaintiff and Stowe, plaintiff claims that both she and Stowe were moved to different positions and she herself was demoted.  She again requested an investigation.  *Id.* ¶ 29.

On October 24, 2005, plaintiff filed a charge of discrimination with the D.C. Office of Human Rights and the Equal Employment Opportunity Commission.  *Id.* ¶¶ 32-33.  She received a right to sue letter on April 6, 2007.  *Id.* ¶ 36.  Plaintiff filed this lawsuit on October 2, 2006.  Defendants' motion to dismiss was denied in December 2007, and cross motions for summary judgment were also subsequently denied pending the outcome of discovery disputes.

The discovery dispute at issue here involves plaintiff's interrogatories and requests for production of documents.  Plaintiff acknowledges that defendants provided some answers, as well as supplemental answers to interrogatories.  Defendants also produced copies of some of plaintiff's old e-mails from her deleted electronic file folder.  In January 2008, defendants, however, informed plaintiff that copies of e-mails from defendants Stowe and Ahluwalia had been deleted from the agency's e-mail system and could not be produced.  *See* Pl. Mot. to Compel & for Sanctions at 7.  While plaintiff acknowledges that defendants provided numerous documents, plaintiff claims that defendants did not provide e-mail communication with Deloitte

3

consultants regarding FACES.NET, the new e-mail system.

On April 14, 2008, plaintiff sent a detailed letter to defendants' counsel outlining unresolved discovery issues.  *Id.* at 8.  Defendants responded that a more thorough search was being conducted.  After more back and forth between the parties' attorneys about documents over the course of several weeks, defendants produced 500 megabytes of e-mail and other electronically stored files.  *Id.*  After reviewing those files, plaintiff determined that additional information likely existed and requested more information from defendants.  *Id.* at 10.  Defendants said that more information would be forthcoming by August 1, 2008, but that they opposed further depositions.  Defendants provided supplemental discovery on August 13, 2008, but plaintiff claims that it did not fully address her request.  After a request by plaintiff, defendants sent an e-mail on August 25, 2008, stating that defendants had fully complied with all discovery requests.  *Id.* at 10-11.  Plaintiff's motion to compel and for sanctions followed.

**II. Discussion**

**A. Motion to Compel and Motion for Leave to File Sur-Reply**

At the outset, the Court **GRANTS** the defendants' motion for leave to file its sur-reply.  Given the disposition of the motion to compel and for sanctions, plaintiff's request to file a response to the defendant's sur-reply is moot.

Plaintiff argues that defendants have refused to supplement and correct prior responses to discovery as required by Federal Rule of Civil Procedure 26(e).[1]  Specifically, plaintiff alleges that defendants have flatly refused to search for and provide certain information that plaintiff has requested and have opposed continuing the deposition of the CFSA Technology Director and taking depositions of Deloitte consultants who can explain late-produced information and any information responsive to plaintiff's supplementation request.

Plaintiff asserts that defendants' main objection - that discovery is closed - provides no defense to the requirement to supplement.  "Rule 26 provides no exception for documents found after discovery deadlines have passed." *Klonoski v. Mahlab*, 156 F.3d 255, 268 (1st Cir. 1998), *superseded on other grounds*.  Once a party learns that a response to discovery is incomplete or incorrect, there is an absolute obligation to supplement.  *See* Fed. R. Civ. P. 26(e)(1)(A).  "To the extent the rules

---

[1] Federal Rule of Civil Procedure 26(e)(1)(A) reads, in pertinent part:

> A party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

5

contemplate additional material that a party finds after . . . provid[ing] discovery to the other side, the rules require prompt supplementation of its additional material so the opposing party is not misled by the original discovery responses as the opposing party prepares its case for trial." *Klonoski*, 156 F.3d at 268.

On January 18, 2008, the District admitted that it destroyed evidence - e-mails from Stowe and Ahluwalia.  Defendants were on notice of the nature of this litigation at least eight months before Stowe's e-mails were destroyed and at least eighteen months before Ahluwalia's e-mails were destroyed.  A party has an obligation to preserve material "when a party should have known that the evidence might be relevant to future litigation." *Mazloum v. D.C. Metro. Police Dep't*, 530 F. Supp. 2d 282, 291 (D.D.C. 2008).  In August 2008, defendants told plaintiff that e-mails from back-up tapes could not be recovered.  Defendants' duty to preserve material evidence first arose before litigation, as the duty arises "when a party reasonably should know that the evidence may be relevant to anticipated litigation." *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 591 (4th Cir. 2001); *see also Leon v. IDX Systems Corp.*, 464 F.3d 951, 959 (9th Cir. 2006) ("A party's destruction of evidence qualifies as willful spoliation if the party has 'some notice that the documents were *potentially* relevant to the litigation before they were destroyed.'" (quoting *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th

Cir. 2002))). Defendant had notice of the litigation, yet failed to properly protect material evidence from destruction.

In defendants' original opposition, they claimed to have produced all available e-mails in their possession that were non-privileged and responsive to plaintiff's discovery requests. Defendants asserted that Stowe's e-mails were archived and her computer was wiped clean and recycled, per agency practice, before the District had notice of plaintiff's lawsuit. Defendants also argued that they had repeatedly searched for e-mails and that they did not find anything else that would be responsive to plaintiff's request. Based on these contentions, defendants opposed the motion to compel, arguing that plaintiff sought the production of documents that the District was unable to produce. Plaintiff challenged defendants on these contentions in her reply.

Defendants' sur-reply acknowledged that after further supervisory review of its earlier filing pursuant to a court order issued in another case, it found back-up tapes from its storage facility that contained thousands of e-mails that were responsive to plaintiff's request. The District, therefore, withdrew its opposition to the re-opening of discovery for the limited purpose of (1) continuing the deposition of Brady Birdsong; (2) allowing plaintiff to depose Deloitte consultants; and (3) producing Robert Mancini, head of the Citywide Messaging

Team in the Office of the Chief Technology Officer, to discuss the search for the e-mails. The District then subsequently stated that it "does not seek to avoid its discovery obligations" and it "does not oppose a discovery order in this case." D.'s Reply to Opp. for Leave to File a Sur-reply at 2-3.

Accordingly, Plaintiff's motion to compel is **GRANTED**. Defendants are **ORDERED** to (1) supplement their discovery responses; (2) make available Brady Birdsong, Donna Whitman, and Kevin Bell for depositions at defendants' expense; and (3) provide competent witnesses pursuant to Rule 30(b)(6) for depositions to address e-mail destruction and preservation at defendants' expense. The Court now turns to the issue of sanctions.

### B. *Motion for Sanctions*

The Court notes that its April 6, 2007 Scheduling Order clearly states, "[c]ounsel are hereby notified that the party that does not prevail on the discovery dispute shall pay the costs involved, including attorney's fees." Scheduling Order, Apr. 6, 2007, Docket Entry #8. Defendants argue that its failure to produce certain e-mails was inadvertent and not a basis for sanctions. For all of the reasons above, and for the additional reasons below, the Court will impose sanctions on the defendants.

Defendants assert that this discovery dispute involves no bad faith on their part, and that the newly discovered e-mails

8

were not the result of plaintiff's motions.  Whether or not the newly discovered e-mails were the result of plaintiff's motions is of no consequence.  Plaintiff's attorneys have been extremely diligent since January 2008 in requesting documents and supplemental information.  While it is plausible that defendants did not intentionally hide documents, it is clear that defendants were not as meticulous as they could have been with plaintiff's discovery requests and with their duty to supplement.

Federal Rule of Civil Procedure 37(e) prohibits a Court from imposing sanctions only if a party fails "to provide electronically stored information lost as a result of the routine, good-faith operation of an electronic information system."  Fed. R. Civ. P. 37(e).  Defendants, however, did not operate their e-mail system in a routine, good-faith manner. Deposition testimony from Wilson Ndeh, CFSA's Technology Manager, demonstrates that defendants were unable to provide electronically stored information *only* because they had not searched all of the available files.  Dep. of Wilson Ndeh, at 23:8.  Ndeh's testimony made clear that there are back-ups of all e-mails – a point defendants repeatedly ignored up until the filing of the instant motions.

For eight months, plaintiff asserted that defendants had more information.  Defendants routinely missed production deadlines and told plaintiff that they had provided all

information responsive to plaintiff's discovery requests. At one point, in response to plaintiff's repeated requests for back-up files that Ndeh testified existed, defendants' counsel wrote in an e-mail, "[t]here are no more back ups. Please stop asking for them." Pl. Mot. at 11. It was only after plaintiff filed this motion, and its reply to defendants' opposition – which pointed out the possibility that documents might be in the District's storage facility – that defendants found other documents in the District's storage facility. In its reply, plaintiff pointed to specific deposition testimony from the CFSA Chief Technology Officer that indicated that "every e-mail is backed up." Ndeh Dep. at 23:8. Only then did the defendants finally acknowledge that they had back-up tapes of e-mails and offer to produce the back-up tapes and make witnesses available for further deposition. Rule 37(e) does not stand in the way of relief plaintiff seeks.

Plaintiff's motion for sanctions is **GRANTED.**

### III.   CONCLUSION

The Court **GRANTS** plaintiff's motion to compel and for sanctions and **GRANTS** defendants' motion for leave to file a sur-reply. Accordingly, defendants are **ORDERED** to (1) supplement their discovery responses; (2) make available Brady Birdsong, Donna Whitman, and Kevin Bell for depositions at defendants' expense; and (3) provide competent witnesses pursuant to Rule

30(b)(6) for depositions to address e-mail destruction and preservation at defendants' expense. Plaintiff is awarded attorney's fees associated with bringing the motion to compel and for sanctions. Plaintiff shall file an appropriate motion with detailed accounting of attorney's fees associated with the filing of the motion. A separate Order accompanies this Memorandum Opinion.

**IT IS SO ORDERED.**

**Signed:   Emmet G. Sullivan
            United States District Judge
            July 2, 2009**